IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW MIDDLEMISS,<br><br>   Plaintiff,<br><br><br><br>vs.<br><br><br><br>BLACK & DECKER, INC., et al.,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO ORDER AND DENYING MOTION FOR LATE DESIGNATION OF EXPERTS<br><br><br><br><br><br>Case No. 2:07-CV-231 TS |

      This matter comes before the Court on Plaintiff's Rule 72 Objection to the Magistrate Judge's Order,[1] granting Defendants' Motion to Strike Designation of Experts,[2] and on Plaintiff's Motion for Late Designation of Experts.  For the reasons set forth below, the Court will overrule Plaintiff's Objections and deny Plaintiff's Motion.

---

[1] Docket No. 43.

[2] Docket No. 32.

I.  BACKGROUND

The dispute arises out of an attempt by Plaintiff to designate three additional expert witnesses well beyond the February 29, 2008 disclosure deadline set by the Magistrate Judge.[3]

On July 27, 2008, the original scheduling order was entered for this case, setting October 30, 2007, as the deadline for Plaintiff to designate expert witnesses and file expert reports.[4]  On December 10, 2007, in response to a stipulated motion filed by the parties, the Court entered an amended scheduling order setting a new deadline of January 30, 2008, for Plaintiff to designate expert witnesses and provide expert reports.[5]  On February 14, 2008, in response to another stipulated motion filed by the parties, the Court entered an amended scheduling order setting the deadline at February 29, 2008.[6]  On February 29, 2008, Plaintiff filed a designation of L.D. Ryan as an expert on the issue of liability.  On April 30, 2008, Defendants designated their experts and filed expert reports.

On May 12, 2008, Plaintiff's counsel notified Defendants' counsel that Plaintiff wished to designate three more experts, and asked Defendants' counsel to stipulate to the designation.  On May 19, 2008, Defendants responded and declined to stipulate to the designation, indicating that Plaintiff would need to file a motion for late designation.  No motion for late designation was filed at that time, but Plaintiff did file, on June 11, 2008, without stipulation or permission of the Court, a

---

[3]Docket No. 23.

[4]Docket No. 5.

[5]Docket No. 16.

[6]Docket No. 25.

Supplemental Designation of Expert Witnesses,[7] listing three individuals: (1) Paul S. Bernstein, M.D., plaintiff's ophthalmologist; (2) Kristy Farnsworth, Ph.D., a "life care planner"; and (3) Stephen J. Nicolatus, an economist. The designation included expert reports for both Dr. Bernstein and Ms. Farnsworth, but not for Mr. Nicolatus. Plaintiff filed the expert report for Mr. Nicolatus on August 5, 2008.[8] Without permission of the Court or stipulation of the parties, the late filing of the Designation was a violation of Rule 16[9] and Rule 26,[10] and the initial absence of an expert report for Mr. Nicolatus was an additional Rule 26 violation.[11]

Defendants filed a Motion to Strike Plaintiff's designation of Ms. Farnsworth and Mr. Nicolatus as expert witnesses, and to limit Dr. Bernstein to testimony directly related to his treatment of Plaintiff.[12] Defendants argued that designation of experts three months beyond the scheduling order deadline, and less than five months prior to trial, would result in prejudice to Defendants, making it difficult to depose Plaintiff's experts and select rebuttal experts prior to the November 10, 2008, trial date. Moreover, Defendants argued that Ms. Farnsworth and Mr. Nicolatus offer testimony regarding the impact of Plaintiff's alleged injuries on lifestyle and income, issues which were clearly relevant during the previous 11 months of discovery, and that the untimely designation

---

[7] Docket No. 31.

[8] Docket No. 40.

[9] Fed. R. Civ. P. 16(b).

[10] Fed. R. Civ. P. 26(a)(2).

[11] Fed. R. Civ. P. 26(a)(2)(B).

[12] Docket No. 32.

was an attempt to compensate for failure to properly address the issues during the normal course of discovery.

Plaintiff responds that the full extent of his alleged injuries were not know previous to a May 16, 2008, examination by Dr. Bernstein, his ophthalmologist. Plaintiff claims that Dr. Bernstein gave Plaintiff a 30% disability rating during the May 16, 2008, examination, and that Ms. Farnsworth is needed to give expert testimony regarding the full impact of that 30% disability rating. Plaintiff also argues that he did not realize how complicated it would be to explain the loss of income resulting from his alleged injuries until he had begun, in May or June 2008, to file his tax returns for 2006 and 2007. Plaintiff claims that, prior to that time, he believed that it would be simple to show a jury the loss of income from his alleged injuries. Plaintiff claims that while filing his tax returns, he discovered that explaining to the jury how he lost income from 2006 to 2007 would be much more complex than originally anticipated. Plaintiff also responded that there would be no prejudice because "[m]any counsel . . . choose not to depose economists."[13]

On August 19, 2008, the Magistrate Judge issued an Order granting Defendants' Motion to Strike ("Order"),[14] finding that: (1) Plaintiff failed to request permission for an extension; (2) Plaintiff failed to demonstrate good cause to support an extension; (3) Plaintiff's explanations regarding the need for additional expert reports were nothing more than post hoc justifications for failure to request an extension of the deadline; and (4) Defendants would be prejudiced if required to respond to Plaintiff's late designation of experts.

---

[13]Docket No. 36 at 3.

[14]Docket No. 43.

Plaintiff objects to the Magistrate Judge's ruling merely by restating those claims contained within Plaintiff's Reply to Defendants' Motion to Strike,[15] and makes no claim that the Magistrate Judge's decisions were clearly erroneous or contrary to law.

## II.  DISCUSSION

A.   OBJECTION TO MAGISTRATE'S ORDER

As the Magistrate Judge's ruling dealt solely with nondispositive matters, Federal Rule of Civil Procedure 72(a) directs that this Court employ a "clearly erroneous or contrary to law" standard of review.  Under the clearly erroneous standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[16]  Courts recognize that wide discretion is given to the Magistrate Judge in discovery rulings.[17]

A disappointed party may object to a magistrate judge's order within 10 days of being served with a copy thereof.[18]  Plaintiff timely objects to the Order.  However, because Plaintiff did not argue that any part of the Magistrate Judge's Order is clearly erroneous or contrary to law, the Court will overrule Plaintiff's objections.

B.  MOTION FOR LEAVE TO FILE LATE DESIGNATION

The Court is also asked to consider a Motion for Late Designation of Expert Witnesses.  The deadline established by the Magistrate Judge for designating expert witnesses and filing expert

---

[15] Docket No. 36.

[16] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[17] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir.1999).

[18] DUCivR 74-1(a)(1); Fed. R. Civ. P. 72(a).

reports was February 29, 2008, making any designation of experts after that date a violation of Rule 16 and Rule 26. Rule 37 prohibits the use of such evidence unless Plaintiff's failure to file a timely designation was harmless or substantially justified.[19] The Court, in deciding this issue, is entitled to exercise "broad discretion" in considering the following four criteria: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or wilfulness.[20]

    1.    <u>Prejudice</u>

Prejudice will arise from the designation of expert witnesses when the opposing party is unfairly surprised by the designation.[21] The Court finds that late designation of expert witnesses will prejudice Defendants in two ways. First, Plaintiff had designated Mr. Ryan as a liability expert by the February 29, 2008, deadline, four months after the original deadline, and Defendants were reasonable in concluding that Mr. Ryan would be the only expert. Defendants were thus unfairly surprised when, in May 2008, and after having submitted Defendants' own expert reports, Plaintiff indicated a desire to designate additional expert witnesses. Defendants notified Plaintiff in May

---

[19] Fed. R. Civ. P. 37(c)(1); *See* Fed. R. Civ. P. 26.

[20] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

[21] *Nalder v. West Park Hosp.*, 254 F.3d 1168, 1178 (10th Cir. 2001) (no prejudice where both parties were well aware of the nature and likely content of expert's testimony); *Moss v. Feldmeyer*, 979 F.2d 1454, 1459 (10th Cir. 1992) (no prejudice arising from designation of one doctors as an expert witnesses two weeks before trial when the doctor was listed as a witness on the pretrial report); *Smith v. Ford Motor Company*, 626 F.2d 784, 797 (10th Cir. 1980) (party prejudiced by admission of expert testimony when that testimony was not accurately set forth in pretrial order). *See also Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210-11 (10th Cir. 2002) ("the timing of the motion in relation to the commencement of trial is an important element in analyzing whether [there would be] prejudice or surprise.").

2008 that they were unwilling to stipulate to designation of additional experts, and indicated that Plaintiff would need to file a motion for late designation. When three weeks passed, and no such motion was filed, Defendants were again reasonable in assuming that no additional experts would be designated, they continued in preparing their case accordingly, and were unfairly surprised when Plaintiff subsequently filed his designation of Dr. Bernstein, Ms. Farnsworth, and Mr. Nicolatus.

The second source of prejudice to Defendants is the impending trial, and the burden to Defendants of deposing Ms. Farnsworth and Mr. Nicolatus, obtaining the services of rebuttal experts and arranging for Plaintiffs to depose those rebuttal witnesses. Moreover, allowing designation of additional expert witnesses at this late date would require Defendants to review, and possibly revise, their trial strategy. It is unlikely that the scheduled trial date of November 10, 2008, could be maintained if Plaintiff's motion were granted, resulting in additional costs to all parties and to the Court.

Plaintiff claims that there would have been time if his June 11, 2008 designation had not been opposed by Defendants, but that claim is irrelevant to the issue at hand. Plaintiff's designation was struck because Plaintiff violated Rule 16 by filing it without stipulation of the parties or permission of the Court. It was only after the Magistrate Judge struck the designation that Plaintiff decided to abide by the rules and ask for the Court's permission to file an untimely designation. Thus, the Court will not give Plaintiff credit for the time necessary for the Court to address Plaintiff's violation of the Federal Rules of Civil Procedure.

Additionally, it is not clear that Plaintiff will be prejudiced if not allowed to designate additional expert witnesses at this late date. Plaintiff claims that the issues to be addressed by Ms. Farnsworth and Mr. Nicolatus have changed since the February 29, 2008, deadline. Specifically, Plaintiff claims that he was unaware of the full extent of the injuries allegedly caused by Defendants'

product until his examination by Dr. Bernstein in May 2008, and that he was unaware that proving loss of income would be complex until after filing late tax returns for 2006 and 2007. The complexity of the testimony surrounding lost income arises from the fact that Plaintiff's tax returns indicate that his income rose beween 2006 and 2007, and Plaintiff now desires to utilize an economist to testify as to how that rise in income translates to lost income.

The Court is unpersuaded that expert testimony is needed in order for Plaintiff to present his case. Defendants have not objected to the designation of Plaintiff's treating ophthalmologist, who can offer testimony regarding the disability rating he gave Plaintiff. Plaintiff is also capable of testifying as to precisely what changes in his life have been necessary as a result of the alleged injuries. Plaintiff will also be able to introduce all the evidence he wants regarding his income for the years 2006 and 2007 (including evidence supporting his claim that family members assisted him in his business endeavors during 2007) and to explain why those numbers represent a loss in income.

The existence of prejudice to Defendants and the Court which would arise if Plaintiff's motion were granted, and the lack of prejudice to Plaintiff if his motion were denied, convinces the Court that the first *Jacobsen* factor weighs heavily in favor of denying Plaintiff's Motion.

    2.    <u>Opportunity to Cure Prejudice</u>

Plaintiff offers very little evidence that the prejudice to Defendants and the Court may be cured, stating only that the depositions will like be short and easy to schedule, and that while the current trial date would "possibly have to be continued, . . . it is the lesser of two evils in this case."[22] Those assertions, without further factual and/or legal support grant very little weight to Plaintiff's

---

[22] Docket No. 46 at 6.

arguments, and the Court finds that the second *Jacobsen* criteria does not weigh in favor of either party.

### 3. Disruption of Trial

The third *Jacobsen* criteria, disruption of trial, is not applicable in this case, because the Tenth Circuit has stated that this refers only to an ongoing trial.[23] While the Court finds that it is likely that the upcoming trial would have to be postponed, thereby causing a disruption in the trial schedule as a whole and further delaying a resolution of the case, the Court is constrained by Tenth Circuit precedent to find that this criteria weighs slightly in favor of granting Plaintiff's motion.

### 4. Bad Faith or Willfulness of Plaintiff

Neither party attributes bad faith to the Plaintiff in failing to file a timely designation of expert witnesses, and the Court does not find any evidence that Plaintiff acted in bad faith. However, the Court is also deeply concerned by the fact that Plaintiff acted with seeming indifference to the discovery deadlines set by the Magistrate Judge. It cannot have been a surprise to Plaintiff or Plaintiff's counsel that the issues of income loss and lifestyle changes arising from Plaintiff's alleged injuries are essential to Plaintiff's case. The Magistrate Judge was unconvinced by Plaintiff's explanations for why these issues were seemingly ignored by Plaintiff and Plaintiff's counsel until after the relevant deadlines had passed, and the Court also remains unconvinced. While Plaintiff's actions may not rise to the level of willfulness,[24] the Court is sufficiently troubled by the disregard Plaintiff exhibited to the need to abide by Court-imposed discovery deadlines that the Court finds that the fourth *Jacobsen* factor does not weigh in favor of either party.

---

[23]*Davey*, 301 F.3d at 1212.

[24]BLACK'S LAW DICTIONARY 1593 (7th ed. 1999) ("Voluntary and intentional, but not necessarily malicious.").

## III.  CONCLUSION

After consideration of the four *Jacobsen* factors, and exercising its broad discretion in such matters, the Court concludes that the prejudice to Defendants and the Court if Plaintiff's motion were granted, the lack of substantial prejudice to Plaintiff if Plaintiff's motion were denied, and Plaintiff's apparent disregard to the need to abide by discovery deadlines require this court to find that Plaintiff's violation of Rule 26, in filing an untimely designation of expert witnesses, was not harmless or substantially justified.

It is therefore

ORDERED that Plaintiff's Objection to the Magistrate Judge's Order (Docket No. 46) is OVERRULED.  It is further

ORDERED that Plaintiff's Motion for Late Designation of Experts (Docket No. 47) is DENIED.

DATED   September 24, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge